## Commonwealth v. Keen, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Dennis H. Eisman, Gerald A. Stein, Jay S. Gottlieb,* and *Needleman, Needleman, Tabb & Eisman, Ltd.,* for appellant.

*Louis A. Perez, Jr., James T. Ranney,* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

After the denial of his application to suppress a statement which he had given to the police, the appellant, John James Keen, in 1970, pleaded guilty to murder. He was then convicted of murder of the second degree and received a sentence of ten to twenty years imprisonment. In 1972, appellant petitioned for post-conviction relief. Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq. In his petition, appellant contended that a police officer gave perjured testimony at the appellant's suppression hearing about the exact words used by the police officer in advising the appellant concerning his constitutional rights. According to the appellant, that alleged perjured testimony was a factor in the trial court's ruling that the statement was admissible and in turn that statement was the primary motivation for appellant's guilty plea. Appellant also contended that his defense counsel was ineffective in advising a plea of guilty without being aware of the alleged perjured testimony. Following a hearing, relief was denied and this appeal followed.

In this appeal, the appellant raises the same issues, all of which are based on his allegation that the police officer gave perjured testimony at the suppression hearing. The only question before us is whether the trial court erred in concluding that proof of the appellant's allegation was "totally lacking." We have examined the record and conclude that the appellant failed to sustain his burden of proof. *Commonwealth ex rel. Johnson v. Rundle*, 440 Pa. 485, 270 A.2d 183 (1970); *Commonwealth v. McBride*, 440 Pa. 81, 269 A.2d 737 (1970).

Order affirmed.