365 A.2d 858

**COMMONWEALTH of Pennsylvania**

v.

**Levi Ozel CONLEY, Appellant (two cases).**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1976.

Decided Nov. 22, 1976.

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from an Order of the lower court, Judge James A. Reilly, specially presiding,

dated July 30, 1975, denying appellant's requested relief pursuant to the Post Conviction Hearing Act.[1] A petition for such relief had been filed on March 9, 1973, and denied without hearing on March 13, 1974.[2] At No. 276 April Term, 1974, appellant herein filed an appeal from denial of PCHA relief, arguing "that appellant's court-appointed counsel failed to notify him of the denial of post-trial motions in time to enable a direct appeal (footnote omitted), and that exculpatory evidence not available at the time of trial subsequently became available." [From the Opinion of Judge Price, *infra*.] Essentially appellant had made a claim of ineffective counsel, and we, through an Opinion of Judge Price, at 232 Pa.Super. 432, 335 A.2d 721 (1975), vacated the Order of March 13, 1974, and remanded with directions to hold an evidentiary hearing to allow appellant to establish of record and prove his claims 1) that he had been ineffectively counselled because no direct appeal had been perfected for his benefit and 2) that he had discovered exculpatory evidence after trial.

Such an evidentiary hearing was held before Judge Reilly on April 29, 1975. At this hearing only appellant himself testified, referring *inter alia* to very brief meetings with counsel preparatory to trial and to the allegation that counsel, appointed from the Public Defender staff, had failed to call an eyewitness. It is this eyewitness who appellant alleged would testify that appellant was not the individual who had perpetrated the crime, and it is this testimony which appellant alleged was dis-

1. Act of 1966, Jan. 25, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.*

2. Further history of the case shows that appellant had been found guilty of armed robbery and burglary following non-jury trial on December 7, 1971. Judge Reilly's March 13, 1974, Opinion alludes to the fact that post-trial motions had been filed and denied. Although the record contains no reference thereto, we surmise that they may have been presented orally, as was the practice at the time, and not noted in the record. We shall assume that they were filed. No direct appeal was taken to our Court.

covered after trial.[3] At the evidentiary hearing appellant attempted to introduce the eyewitness' affidavit purportedly containing such evidence. Objection to the introduction of the affidavit was sustained and the hearing was continued until the eyewitness could be subpoenaed to testify, Judge Reilly commenting that "we will set a date at some subsequent time that is agreeable to you [defense counsel] and the District Attorney to take the testimony of Mr. Robbins [the eyewitness]." (Notes of PCHA hearing, p. 37). On July 30, 1975, Judge Reilly issued his Opinion and Order denying relief. It is this Order from which appellant presently appeals.

■■ In the present appeal from denial of PCHA relief, appellant, as in his prior appeal to our Court, is represented by a staff Public Defender different from trial counsel. He is again arguing trial counsel's ineffectiveness in failing to call Robbins at trial and in failing to perfect a direct appeal. We hold that he has not met his burden of proof because he has left unsubstantiated his claims. As a general rule, a PCHA petitioner has the burden of proof. See *Commonwealth v. Keen,* 457 Pa. 464, 326 A.2d 334 (1974) and *Commonwealth v. Savage,* 433 Pa. 96, 249 A.2d 304 (1969). We do not have present here a *Commonwealth v. Gist,* 433 Pa. 101, 249 A.2d 351 (1969), situation where appellant was never informed of his right to appeal and the burden shifts to the Commonwealth to prove a PCHA petitioner's knowing and intelligent waiver of same; on the contrary, at the close of trial, Judge Reilly clearly pointed out his right of appeal.[4] At the very least, appellant should

---

3. Because of our disposition herein, we are not now called upon to address the merits of appellant's claim and its apparent conflict—arguing on the one hand that it was ineffective counsel not to have called this eyewitness and on the other that his testimony is exculpatory and after-discovered evidence.

4. Notes of Trial Testimony, p. 66—By the Judge: "You [addressing defendant-appellant herein] also have a right to appeal the decision of this Court to the appellate court, and that appeal

have called trial counsel to the witness stand. The PCHA hearing judge did not abuse his discretion in denying relief, and we affirm his disposition of these issues.

As to appellant's argument that Robbins' testimony provides after-discovered exculpatory evidence, we again do not have the benefit of on-the-record testimony enabling us to pass upon the merits of the claim. The evidentiary hearing judge continued the proceeding until such time as Robbins could testify. We have nothing of record showing why the continued hearing was not held prior to the entry of the July 30, 1975, Order. We cannot determine whether appellant attempted to bring in the witness and failed; nor can we determine whether appellant took no action in light of the continuance. Therefore, we shall remand the case to the lower court for a finding as to whether or not the testimony of this eyewitness can be taken. If the lower court finds that a hearing can be held then we direct that it shall be held, with final disposition as the court below shall deem appropriate. If the court below finds that the postponed hearing cannot be held, then the Order of the court below is affirmed insofar as it disposed of appellant's claim as to after-discovered evidence.

So ordered.

HOFFMAN, J., concurs in the result.

would have to be perfected within 45 days." Even though the time for appealing is thirty days, appellant, having been told he had 45 days, could have exercised his rights within 45 days and would not have suffered from the error in the judge's statement. This error is not an issue. We cite the court's advisory language only to point out that appellant was informed of his right to appeal.