368 A.2d 260

**COMMONWEALTH of Pennsylvania**

v.

**James DAVIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Jan. 28, 1977.

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Robert Zunich, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, James Davis, was tried by a judge and jury and found guilty of murder in the third degree. Postverdict motions were denied and appellant was sentenced to a term of two to five years in a state correctional institution.

The facts surrounding this appeal are as follows. On July 1, 1974, William Moore was shot while entering an all-night store in Pittsburgh. Following the shooting, Moore ran to a car, stating, "I have been shot, take me to the police." He died as a result of two gun shot wounds.

Appellant was arrested on March 12, 1975. He was subsequently tried and convicted on October 16, 1975. This appeal followed.

Appellant argues that he was denied his right to effective assistance of trial counsel. At trial and post-verdict motions, appellant was represented by privately-retained counsel. On this direct appeal, appellant is represented by the public defender's office. Appellant properly raises the issue of ineffective trial counsel on this appeal. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Appellant argues that his trial counsel was ineffective in failing: (1) to request a bill of particulars; (2) to request a Jackson-Denno hearing on certain inculpatory statements of the appellant; and (3) to object to hearsay testimony elicited from the arresting officer.

In *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967), this court enunciated the standard for effectiveness of counsel:

" . . . inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis in original.)

This court, in applying the *Washington* standard, has also held that counsel's decision not to file fruitless motions or make fruitless objections was reasonable under the circumstances. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973).

196

■■ Appellant first alleges that trial counsel was ineffective in failing to request a bill of particulars to determine if appellant had made any statements to police. We must first point out that statements are not within the purview of a bill of particulars. The purpose of a bill of particulars is to give notice to the accused of the offenses charged in the indictment. See *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972).

■ ■ In *Commonwealth v. Senk*, 412 Pa. 184, 194 A.2d 221 (1963), the defendant filed a motion for a bill of particulars to ascertain the identity of the Commonwealth's witnesses. The court held that the denial of the motion was proper, as the motion was merely a petition for discovery. We likewise view appellant's request as a backdoor attempt to obtain pretrial discovery. Pa.R. Crim.P. 310 provides, in relevant part:

> "All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any *written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons.*" (Emphasis supplied.)

As the statements in question were not reduced to writing, such discovery would not have been permitted. Trial counsel's failure to request a bill of particulars—discovery did not amount to ineffective assistance of counsel. See *Commonwealth v. Robinson, supra.*

Appellant next claims that trial counsel was ineffective in failing to request a Jackson-Denno hearing as to the voluntariness of certain statements. We do not agree.

When appellant was arrested, he was living at the Team Challenge Center in Reheersburg, Pennsylvania. The arresting officers introduced themselves to appellant as Pittsburgh police officers. Appellant stated, "I'm glad it's all over with." Appellant was taken to a district magistrate and then to the state police barracks. During this trip, there was no conversation pertaining to the case. Upon arrival at the barracks, the police informed appellant he was under arrest for murder and appellant stated, "I know, Billy Moore." Appellant was then given his *Miranda* warnings, which he orally waived. The police told appellant that they had information that he had killed the victim over drugs, to which he responded, "No. I did it for other reasons . . . it was a personal thing." Appellant, however refused to further discuss the incident.

The Commonwealth called the arresting officer to testify as to this exchange. Appellant argues that his trial counsel should have requested a Jackson-Denno hearing on the voluntariness of the statements. As this court stated in *Commonwealth v. Davenport*, 449 Pa. 263, 295 A.2d 596 (1972),

> ". . . to be 'voluntary' in the constitutional sense the statements must be the free choice of the maker. And if the maker's will was overborne, either through physical or mental pressures, then the statement did not issue from a free choice."

In *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968), the court listed the following as some of the factors to be considered in determining voluntariness: (1) length of continuous questioning; (2) fatigue; (3) education of a defendant; (4) whether a defendant was given *Miranda* warnings; and (5) the time span between arrest and the challenged statement of a defendant.

In the instant case, the length of questioning was very short; in fact, the first two statements were not the

198

result of interrogation. The final response of "No. I did it for other reasons . . . it was a personal thing" was given immediately after appellant was given his *Miranda* warnings, which he orally waived. Immediately after appellant was arrested, the officers took him to the district magistrate. There is no evidence of either fatigue or lack of education on appellant's part. It follows that there was simply no evidence upon which to base a claim that the statements in question were constitutionally involuntary.

Appellant next complains of his trial counsel's failure to object to what he classifies as hearsay. The following exchange between the district attorney and the arresting officers occurred at trial:

"By the Commonwealth:

"Q. You introduced yourself or who?

"A. As a police officer from Pittsburgh and my partner introduced himself and we shook hands and his response, was 'I'm glad it's all over with.'

"Q. Let me take this again, you introduced yourselves as police officers from the City of Pittsburgh?

"A. Yes.

"Q. He made some type of response, that he was glad it was all over with?

"A. He said, 'I'm glad it's all over with,' *because the Director asked that he be the one to tell him what we were there for before we told him, and we said that was all right."* (Emphasis added.)

Appellant believes the emphasized portion constitutes inadmissible hearsay. We do not agree, as the evidence does not assert the truth of the statement. Again, appellant's counsel was not ineffective for failing to make a baseless objection.

Appellant finally complains that the evidence was insufficient to support the verdict. As we have stated many times:

" . . . The task of the appellate court in reviewing the sufficiency claim is to determine whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Williams*, 455 Pa. 539, 547, 316 A.2d 888, 892 (1974).

The Commonwealth produced an eyewitness who testified that she saw the appellant shooting at the victim. Though defense counsel attempted to impeach this eyewitness' credibility, the jury chose to believe her.

Judgment of sentence affirmed.

NIX, J., took no part in the consideration or decision of this case.