394 A.2d 1043

**COMMONWEALTH of Pennsylvania**

v.

**Gary TUCKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 30, 1977.

Decided Dec. 7, 1978.

512

Margaret M. Boyce, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from the Order of the lower court denying relief asked by appellant in his petition filed pursuant to the Post Conviction Hearing Act (P.C.H.A.) Act of 1966, Jan. 25, P.L. 1580, 19 P.S. § 1180–1 *et seq.* Procedurally the case began with indictments charging possession of instruments of crime generally and burglary, *et alia.* "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, 18 Pa.C.S. §§ 907 and 3501. Represented by Kalvin Kahn, Esq., defendant was tried by a jury, Judge A. A. GUARINO, presiding, and found guilty of the enumerated charges. Trial counsel filed a motion for new trial, alleging nothing more than the so called "boiler plate". Post-trial relief was denied, and defendant was sentenced to concurrent terms of imprisonment, one to five years on the possession of instruments of crime conviction and three to six years on the burglary conviction. Although no additional post-trial motions had been filed, the opinion of Judge GUARINO makes evident that the lower court considered questions of insufficient evidence and alleged

error in failing to rule out testimony of a prior conviction following a *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973), hearing. Represented by new counsel, one Edward G. Rendell, Esq., defendant directly appealed. We affirmed per curiam. 234 Pa.Super. 710, 342 A.2d 417 (1975). Thereupon, defendant *pro se* filed a P.C.H.A. petition. Present counsel, Margaret Boyce, Esq., was appointed and caused to be filed an amended P.C.H.A. petition. This matter came on for hearing before Judge E. J. BLAKE. Relief was denied by Order dated June 15, 1977, and it is this Order from which this appeal arises.

■ Appellant now argues, in part, that the evidence was insufficient to support the verdict and that the lower court erred in holding, after the *Bighum, supra,* hearing, that evidence of certain prior convictions could be introduced for impeachment purposes, if the defendant were to take the witness stand. These issues were raised post-trial and on direct appeal, and were finally litigated. P.C.H.A., *supra,* 19 P.S. § 1180–4(a).

■ Secondly appellant argues that it was an abuse of discretion by the trial court to have ruled inadmissible a statement given by him to the arresting officers in which Tucker gave an explanation as to why he was, on the night in question, discovered at a skylight on the roof of a building containing the bar he was found to have burglarized, tools of the crime found on his person and in the vestibule of the stairway leading from street to roof. The issue could have been raised post-trial and on direct appeal, as facts surrounding it were fully developed at trial and are contained in the record. It was not so raised, and is waived for purposes of P.C.H.A. relief. Act, *supra,* 19 P.S. § 1180–4(b).

■ Appellant contends that his trial counsel was ineffective for failing at trial to have objected to certain testimony by the arresting officer. Having been represented by appellate counsel different from trial counsel, this issue should have been raised in direct appeal. It is therefore waived. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

■ Also, appellant claims his appellate counsel was ineffective for failing on direct appeal to have raised the issues of ineffective trial counsel and insufficient evidence. We will examine this claim. *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977). At the P.C.H.A. hearing, defendant's counsel questioned Tucker as to his claim of ineffective appellate counsel, and received the answer that it was due to failure to raise ineffectiveness of trial counsel, which ineffectiveness stemmed from counsel's alleged failure to allow Tucker to take the stand and testify as to the alleged exculpatory statement he gave police. The hearing ended with counsel's request for a continuance to bring in Attorney Rendell. The court agreed that the matter would be extended until the following Friday. However, nothing further was done by defendant. The record reflects no continued hearing, and thus does not contain testimony by appellate counsel. Regardless of the lack of rebuttal testimony, appellant's allegation is unsupportable because the record shows, as above-stated, that the question of the introduction of the statement was raised in and heard by the lower court. Trial counsel is wrongly accused of failing to raise this issue. Appellant has not met his burden of proving ineffectiveness, indeed his allegation is groundless. The lower court was correct to deny relief. *Commonwealth v. Conley,* 243 Pa.Super. 295, 365 A.2d 858 (1975).

■ Lastly appellant argues that the commencement of his sentences rendered by Judge GUARINO has been improperly computed. This was made a part of the P.C.H.A. hearing, the court's pointing out that the sentences in the instant case were to begin on October 15, 1975, the date on which, the lower court stated, defendant was paroled from an unrelated sentence. Judge GUARINO'S sentences were concurrent one with the other, and no date for commencement was stated. Thus they are to begin when they were imposed, viz., January 30, 1975. *Pa.R.Crim.P.* Rule 1406. It was error for the P.C.H.A. court to hold that they commenced on October 15, 1975. We order the date of com-

mencement of Judge GUARINO'S sentences at the instant lower court numbers be amended to be January 30, 1975.

Affirmed in part and reversed in part.

JACOBS, President Judge, and PRICE, J., concur in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.