420 A.2d 401

COMMONWEALTH of Pennsylvania,

v.

Robert Lee HAGOOD, Appellant.

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided Sept. 22, 1980.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

This is an appeal from the denial of post–conviction relief, without a hearing. To understand the issues raised herein, it is necessary to set forth in detail the procedural history. Robert Lee Hagood, appellant herein, was convicted of murder of the first degree on April 4, 1973 following a trial by jury. Post–verdict motions were filed, briefed and thereafter dismissed. During the proceedings at the trial level, including the post–verdict motions, appellant was represent-

ed by a member of the Public Defender's office of Dauphin County. An appeal was filed with this Court on behalf of appellant by a second member of the Public Defender's office of Dauphin County. That appeal was subsequently quashed on May 5, 1975 because of noncompliance with the rules relating to the service of the notice of appeal. On or about July 30, 1976, appellant presented a *pro se* petition to this Court to reinstate his direct appeal. No objection was interposed by the Commonwealth and we granted reinstatement on August 20, 1976 and directed the appointment of new counsel. As a result of our order, a third member of the Public Defender's office of Dauphin County was appointed and prosecuted the direct appeal on Mr. Hagood's behalf.

In that appeal, appellant asserted, *inter alia*, that trial counsel was ineffective because of his failure to request a jury instruction. It was argued that counsel should have sought an accomplice charge to be given relating to the key Commonwealth witness. On July 8, 1977, we affirmed the judgment of sentence, per curiam, *Commonwealth v. Hagood*, 473 Pa. 379, 374 A.2d 693 (1977). On November 6, 1978, Hagood filed a petition under the Post–Conviction Hearing Act. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*; 19 P.S. § 1180–1. *et seq.* (1966) (repealed eff. June 27, 1980). In this petition appellant contended, *inter alia*, that he had been denied representation by competent counsel. The hearing court appointed present counsel, who is not a member of the Public Defender's office, to represent appellant in the post–conviction proceeding. Pursuant to his appointment, present counsel filed a supplemental petition also raising the ineffectiveness of trial counsel alleging trial counsel's failure to make proper investigation of a prospective witness, who may have been helpful to the defense. The court below denied relief without hearing on January 19, 1979.

■ Appellant contends that he was denied competent representation by trial counsel and should have been granted relief by the post–conviction hearing court. As to this

complaint, the Commonwealth responds by charging that the issue is not reviewable at this point. Specifically, the Commonwealth argues that the question of trial counsel's competence was finally litigated in the direct appeal and, therefore, further review would be improper. 19 P.S. § 1180–4; *Commonwealth v. McNeal*, 479 Pa. 112, 387 A.2d 860 (1978); *Commonwealth v. Bennett*, 472 Pa. 314, 372 A.2d 713 (1977); *Commonwealth v. Wilson*, 452 Pa. 376, 305 A.2d 9 (1973); *Commonwealth v. Murray*, 452 Pa. 282, 305 A.2d 33 (1973). The weakness of the Commonwealth's position is that it fails to recognize that throughout the direct appeal process appellant was being represented by members of the same public defender's office which represented him at trial. While it is true that appellant is required to raise the question of the ineffectiveness of counsel at the earliest possible moment, our cases have indicated that the earliest possible moment occurs when he is represented by new counsel. *Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Lewis*, 463 Pa. 180, 344 A.2d 483 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). This reasoning has also been applied in instances where subsequent counsel was a member of the same public defender's office as prior counsel. *Commonwealth v. Fox, supra; Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

Thus, the first opportunity in this case for appellant to raise the ineffectiveness of trial counsel was at the time of the filing of the post–conviction petition, when he was first given an attorney who was not a member of the Public Defender's Office of Dauphin County.[1] In this case he did

1. Moreover, the same reasoning precludes a finding that the issue of ineffectiveness of trial counsel had been finally litigated under section 4(a)(3) of the Post Conviction Hearing Act, *supra*, 19 P.S. § 1180–4(a)(3). Even though this Court did pass upon a claim of trial counsel's ineffectiveness in the direct appeal, the relationship be-

raise the question of ineffective assistance below and was properly before the hearing court and that court's ruling on that issue is now before us for review.

■ Turning next to the merits of this issue the Commonwealth contends that the trial record reflects the spurious nature of this ineffective assistance of trial counsel claim. We agree.

The appellant argues that had John Taylor been called as a witness on behalf of the defense, he could have established that Hagood was somewhere other than at the scene of the crime at the time it was committed. It is charged that the failure to produce the witness Taylor had no reasonable basis designed to effectuate the client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). While there was no evidentiary hearing provided in this postconviction hearing court, there is testimony in the trial record which makes it evident that appellant cannot sustain his burden of proving ineffective assistance of counsel on this basis. *Commonwealth v. Keen*, 457 Pa. 464, 326 A.2d 334 (1974) (the petitioner has the burden of establishing counsel's ineffectiveness). *See also, Commonwealth v. Tucker*, 260 Pa.Super. 510, 394 A.2d 1043 (1978); *Commonwealth v. Conley*, 243 Pa.Super. 295, 365 A.2d 858 (1976).

First, the trial testimony reflects that appellant was unsure as to whether or not the witness, Mr. Taylor, was in fact with him at the time the crime occurred.

The Court: Are you saying you were with John Taylor that evening?

The Witness: Well, yes.

The Court: From what time? What hours?

The Witness: Well, Your Honor, now, I don't know I'm not really sure what the hours was, but as far as I can remember through conversation with him, *if it was, in fact, October 16,* (the date of the crime) that I was on the couch that I couldn't have been in the bar at that time

tween counsel that represented appellant in that appeal and trial counsel precludes a finding that the question was foreclosed to further consideration.

that he gave and that I had been asleep on that couch for several hours, and he tried to awake me several times during those hours.

\* \* \* \* \* \*

By Mr. Costopoulos:

Q. So it was this guy, John Taylor, that tried to wake you up from the couch?

A. Yes.

Q. Now, I am not sure I understand your last answer, Mr. Hagood, so let me ask you this way. Do you remember when you were sleeping on that couch?

A. I beg your pardon?

Q. Do you remember if it was October 16 that you were sleeping on the couch?

A. *As I said, after hearing the testimony of the bartender, Mr. Spriggs, I am no longer sure it was exactly Monday, October 16. It could have been Tuesday, could have been Wednesday.*

[Emphasis added.]

Additionally, appellant at trial was uncertain as to whether or not he advised trial counsel of the existence of this witness.

By Mr. Costopoulos:

Q. Did you try to get in touch with him (John Taylor)?

A. Well, I have–I had no way of getting in touch with him. I told the prosecutors officers about him. I told you about him. I believe I told Mr. Dils about him.

Q. About John Taylor?

A. Yes.

[Emphasis added.]

Such uncertainty on the crucial facts necessary to establish the claim of ineffectiveness precludes favorable consideration even upon appellant's request for a remand for an evidentiary hearing. Certainly there is no basis for the grant of a new trial.

■ Accordingly, the order of the post–conviction hearing court is affirmed.[2]

LARSEN and FLAHERTY, JJ., concurred in the result.

EAGEN, C. J., dissents and would remand for a hearing.

---

**2.** Appellant also argues that he is entitled to a new trial because he was not supplied a list of the Commonwealth's witnesses prior to trial. Under the rules of procedure which were controlling at the time of this trial in 1973, Pa.R.Crim.P. 310, there was no right of discovery. *Commonwealth v. Davis*, 470 Pa. 193, 368 A.2d 260 (1977); *Commonwealth v. Bederka*, 459 Pa. 653, 331 A.2d 181 (1975); *Commonwealth v. Senk*, 412 Pa. 184, 194 A.2d 221 (1963). Thus, this claim is clearly without merit.