532 A.2d 424

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert Lee HAGOOD, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 15, 1987.

Decided Oct. 15, 1987.

Reargument Denied Jan. 5, 1988.

Richard A. Lewis, Dist. Atty., Yvonne A. Okonieski, Deputy Dist. Atty., for appellant.

Francis M. Socha, Richard F. Moffett, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We granted the Commonwealth's petition for allowance of appeal to consider the propriety of Superior Court's order vacating the PCHA court's dismissal of appellee's third PCHA petition without a hearing, and remanding for an evidentiary hearing.

The lengthy procedural history of appellee's case is as follows. Appellee was convicted of murder of the first degree on April 4, 1973, in connection with the stabbing death of one Walter Yingling, in Harrisburg. His direct appeal which was filed with this Court was quashed because of noncompliance with our rules relating to the service of the notice of appeal; however, the appeal was later reinstated. In that appeal, appellee challenged the sufficiency of the evidence, the adequacy of the charge regarding accomplice testimony, and trial counsel's effectiveness for inadequately requesting an accomplice charge. The challenge failed, and we affirmed the judgment of sentence, per curiam, *Commonwealth v. Hagood*, 473 Pa. 379, 374 A.2d 693 (1977).

Before his appeal to this Court was reinstated, appellee filed a petition for writ of habeas corpus in federal court. This petition was dismissed for failure to exhaust state remedies.

After his unsuccessful direct appeal, appellee again sought relief in the federal forum. There he raised substantially the same issues as were raised in his direct appeal. That petition was also denied.

In 1978, appellee filed his first PCHA petition wherein he again alleged trial counsel's ineffectiveness. In this petition, counsel's assistance was assailed for failing to make proper investigation of a potential alibi witness; however,

appellee's own trial testimony had already established that appellee could not recall whether he was with this particular witness on the evening of the homicide. Thus, the petition was denied without a hearing, and we affirmed, *Commonwealth v. Hagood*, 491 Pa. 181, 420 A.2d 401 (1980).

In his second PCHA petition, appellee argued that blacks were systematically excluded from the jury by the Commonwealth's use of peremptory challenges, that failure to conduct an individual voir dire under Pa.R.Crim.P. 1106 was error, and that the indictment was defective in that it bore a rubber stamp facsimile of the signature of the attorney for the Commonwealth. That petition was also dismissed without a hearing and Superior Court affirmed, *Commonwealth v. Hagood*, 324 Pa.Super. 580, 472 A.2d 235 (1984).

Appellee then filed this, his third PCHA petition, challenging (1) trial counsel's failure to request copies of statements made by the Commonwealth's chief witness, Linda Lane, to the police for use in cross-examination;[1] (2) trial counsel's decision to show the jury what appellee characterizes as an "inflammatory" photograph of the victim which photograph had not been admitted into evidence; and (3) trial counsel's failure to object to the trial court's comment during closing that appellee's position that he did not commit the crime was the "only defense he can make"[2] and

1. Appellee has not argued that counsel failed to cross-examine Ms. Lane, only that he did not cross-examine her with regard to statements she gave to police during the investigation of this crime. A fair reading of the testimony of Ms. Lane, which is set forth in the reproduced record, shows that trial counsel conducted an extensive cross-examination, including examination into discrepancies between her trial and preliminary hearing testimony, in an attempt to discredit her. Appellee has not argued how use of the statements given to police would have furthered his cause beyond the cross-examination actually conducted as he does not know the content of those statements.

2. The court's charge, specifically with regard to the defense presented, was:

The defendant testified that, in essence, he just wasn't there. You just heard him this morning. If you believe his testimony—again, as I said, as with Linda Lane, I am not telling you to believe it or not, but if you believe his testimony, he is not guilty of any crime at all because he was not there. He is not sure where he was that

that if the jury believed the Commonwealth's evidence "the Commonwealth has made out first degree murder." [3] The Court of Common Pleas dismissed this petition without a hearing, also. On appeal, a panel of Superior Court remanded for a hearing on the first claim, 356 Pa.Super. 603, 512 A.2d 724. (Apparently the second claim was abandoned). Superior Court declined to rule on the third claim regarding the trial court's comments. One member of the panel would have reached the merits of the third issue in the interests of judicial economy.

 The Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 et seq., expresses a clear preference that it be used as a vehicle to secure review of convictions only once. Specifically, § 9545(c) provides:

Any person desiring to obtain relief under this subchapter shall set forth in the petition all of his then available grounds for such relief for any particular sentence he is currently serving and he shall be entitled to only one petition for each crime. The failure to raise any issue in the petition shall be deemed a waiver of any right to future presentation of another petition containing

evening, because he said he couldn't recollect it. I think later he said he did remember that he was in the bar earlier that day, in the morning or in the afternoon, but he is not sure. I leave it for you. My impression was that he really is saying he wasn't sure.... Then, in response to defense counsel's objection that the court had given more attention in his summary to the prosecution's evidence than to the defense's evidence, the judge charged:

The defense is a simpl[e] one. It is perhaps the only defense he can make. He says he wasn't there, and he doesn't have a number of witnesses to testify, so I really couldn't comment very much. I simply told you, in essence, what he said. But I do not want you to feel that I have any—that the Court has any feeling about the matter because that is not my responsibility. And even if you think I do—and I tell you I do not—but if you thought I did, you should not decide the case on, well, I wonder what the Judge thinks. Your responsibility is to decide it on the facts.

3. Of course, appellee's petitions have raised all issues in the context of the "layered" claims of ineffectiveness prescribed in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Appellee is here represented by his seventh attorney.

grounds for relief that were available and could have been presented.

The stated purpose of the Act is to provide relief from convictions and sentences imposed without due process of law, 42 Pa.C.S.A. § 9542, not review of prior post conviction proceedings. Thus, persons currently serving sentences in this Commonwealth may, consistent with the Act, file one and only one PCHA petition. Failure to raise all claims that might have been raised in the first PCHA petition constitutes a waiver which will only be avoided by "extraordinary circumstances," 42 Pa.C.S.A. § 9544(b). Extraordinary circumstances have been variously defined by members of this Court, see, e.g., this author's dissenting opinion in *Commonwealth v. Watlington*, 491 Pa. 241, 246, 420 A.2d 431, 434 (1980); see also the opinion of Mr. Justice Larsen in *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981). However, this case does not present any "extraordinary circumstances" sufficiently compelling to persuade us that the conduct of an evidentiary hearing on appellee's third PCHA petition is warranted.

The order of Superior Court is reversed.

ZAPPALA, J., concurs in the result.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

While the prophylactic rule suggested by the majority, limiting a petitioner to the filing of only one petition under the Post Conviction Hearing Act, 42 Pa. C.S. §§ 9541 *et seq.*, is an inviting one, in view of the numerous repetitious petitions that are filed, I cannot agree because this bar is in conflict with the clear legislative mandate of the Act. Section 9544, 42 Pa. C.S. § 9544, permits dismissal of claims without further consideration where they have been finally litigated or they have been waived. Absent such a finding we are required to consider each petition or its merits.