538 A.2d 892

**COMMONWEALTH of Pennsylvania**

v.

**Edward BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 1988.

Filed March 8, 1988.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WATKINS and HESTER, JJ.

HESTER, Judge:

This is an appeal from the denial of appellant's petition for PCHA relief. Appellant was convicted of first degree murder, robbery, burglary and criminal conspiracy. He

was sentenced to life imprisonment for murder and two concurrent terms of ten to twenty years imprisonment for burglary and robbery. Appellant alleges that all of his prior counsel were ineffective for failing to raise trial counsel's ineffectiveness for not objecting to the prosecutor's closing remarks. We hold that appellant's allegation has been finally litigated, and we affirm the order of the trial court.

Following a jury trial, appellant was found guilty on September 27, 1974. Represented by new counsel, appellant filed timely post-trial motions, which were denied. He was sentenced on March 27, 1975, and filed an appeal to the Pennsylvania Supreme Court, which affirmed the judgment of sentence on March 17, 1976. *Commonwealth v. Baker*, 466 Pa. 479, 353 A.2d 454 (1976). Subsequently, appellant, represented by new counsel, filed his first PCHA petition which was denied on January 8, 1980, following an evidentiary hearing. The supreme court affirmed the denial of PCHA relief on July 2, 1981. *Commonwealth v. Baker*, 494 Pa. 144, 430 A.2d 1158 (1981). Thereafter, appellant filed a petition for writ habeas corpus in the United States District Court for the Eastern District, which denied relief on July 21, 1983. *Baker v. Patton*, No. 82–4648 (E.D.Pa. 7/21/83). He then filed a petition for a certificate of probable cause in the United States Court of Appeals for the Third Circuit, which was denied on April 24, 1985. Appellant, again represented by new counsel, filed a second PCHA petition, which was denied on May 28, 1987. Appellant, with newly appointed counsel, appeals from this second denial of PCHA relief.

The supreme court has aptly stated the facts as follows:

On December 20, 1973, Steven Gibbons was found dead in his home. The house had been thoroughly ransacked. The body of the deceased was bound and gagged with paper stuffed in the mouth and an ice pick plunged downward into the nape of the neck. A physician from the office of the medical examiner testified for the Commonwealth that death resulted from the stabbing, strangulation and a severe beating which had been inflicted on

the victim. The victim was approximately 80 years old at the time of death.

Donahue Wise, who plead guilty to murder after being charged with this homicide, was the Commonwealth's primary witness at appellant's trial. He testified that on the night of the crime he had been in a bar drinking with the victim Steven Gibbons. Three men, including appellant, came into the bar. One of the men voiced a threat against Gibbons because Gibbons had refused to buy him a drink.

Wise testified that he went home to go to bed. The three others, including appellant, came to his house and asked him if he wanted to make some money by committing a robbery. Wise agreed and the four eventually proceeded to the home of the victim. En route, one of the four obtained an ice pick and a hammer for use in the crime. When they reached Gibbons' home appellant broke the glass on the front door and the men entered. A coat was thrown over the victim's head and the house was searched for money and valuables.

Wise testified that as he returned from searching the upstairs he saw one of his co-felons stab the victim with the ice pick. He testified that appellant was going through the victim's trouser pockets. The four men met later to divide what they had taken from the victim and his home.

*Commonwealth v. Baker,* 466 Pa. 479, 483–84, 353 A.2d 454, 456–57 (1976).

Appellant contends that all prior counsel were ineffective for failing to raise trial counsel's ineffectiveness. Specifically, appellant alleges that trial counsel failed to object to prejudicial remarks made by the prosecutor during his summation. Appellant asserts the following argument was improper:

Donahue Wise took the stand before you and he took an oath to tell the truth. Mr. Milner suggested that he perjured himself. Ladies and gentlemen of the Jury, I tell you right now at the outset before even discussing it, Donahue Wise's testimony, if you believe that I had

> Donahue Wise get on that stand and perjure himself in this case, I ask you, indeed, the Constitution and law of this country demands that you not even leave this jury box, that you stand up at the close of his Honor's charge and you say not guilty to Edward Baker if you believe that I put that man up there to perjure himself. (N.T. 498).

Appellant's brief at 9.

▉ The Post Conviction Hearing Act, 42 Pa.C.S. § 9545(c), provides:

> Any person desiring to obtain relief under this subchapter shall set forth in the petition all of his then available grounds for such relief for any particular sentence he is currently serving and he shall be entitled *to only one petition for each crime.* The failure to raise any issue in the petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.

(Emphasis added). Furthermore, the purpose of the Act is to provide "relief from convictions obtained and sentences imposed without due process of law." 42 Pa.C.S. § 9542. Consequently, the Pennsylvania Supreme Court has held that "persons currently serving sentences in this Commonwealth may, consistent with the Act, file one and only one PCHA petition. Failure to raise all claims that might have been raised in the first PCHA petition constitutes a waiver which will only be avoided by 'extraordinary circumstances', 42 Pa.C.S. § 9544(b)." *Commonwealth v. Hagood,* 516 Pa. 340, 345, 532 A.2d 424, 426 (1987). Appellant's assertion of layered ineffective assistance of counsel constitutes an extraordinary circumstance; therefore, we will consider the allegations of appellant's second PCHA petition. *See Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980); *Commonwealth v. Box,* 305 Pa.Super. 81, 451 A.2d 252 (1982).

▉ Appellant's underlying claim, however, is similar to a claim advanced in his first PCHA petition. Both petitions argue that trial counsel was ineffective for failing to object

to the prosecutor's summation. The Pennsylvania Supreme Court affirmed the first PCHA court's finding that trial counsel was not ineffective for failing to object to the prosecutor's summation. *Commonwealth v. Baker*, 494 Pa. 144, 430 A.2d 1158 (1981). Thus, appellant's present argument has been finally litigated. 42 Pa.C.S. § 9544(a)(3).

Although appellant contends that his present claim is different from his first PCHA petition in that he now objects to another portion of the prosecutor's summation, he is mistaken. The courts of this Commonwealth have consistently held that "one may not relitigate a finally litigated ground for relief every time a new legal theory is advanced." *Commonwealth v. Curtin*, 365 Pa.Super. 424, 427, 529 A.2d 1130, 1132 (1987). *See also Commonwealth v. Senk*, 496 Pa. 630, 437 A.2d 1218 (1981); *Commonwealth v. Jones*, 488 Pa. 270, 412 A.2d 503 (1980); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972); *Commonwealth v. Edrington*, 317 Pa.Super. 545, 464 A.2d 456 (1983). As the supreme court affirmed the first PCHA court's finding that trial counsel was not ineffective for failing to object to the prosecutor's summation, appellant cannot relitigate this claim merely by focusing on different remarks in the summation.

Order affirmed.