544 A.2d 1000

**COMMONWEALTH of Pennsylvania**

v.

**Charles C. MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1988.

Filed July 6, 1988.

438

Susan F. Burt, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

KELLY, Judge:

Appellant, Charles Miller, appeals from the denial of his third Post Conviction Hearing Act petition after appointment of counsel but without an evidentiary hearing. We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant shot and killed Arthur James Ruth in 1948. He pled guilty to murder generally, was found guilty of first degree murder, and was sentenced to life imprisonment. No appeal was taken from judgment of sentence.

Eighteen years later in 1967, appellant filed a *pro se* PCHA petition making numerous general allegations of constitutional violations by checking boxes on a PCHA form. This petition was dismissed without prejudice to reapply, and the matter was referred to a volunteer defender.

In July 1969, appellant filed a second *pro se* PCHA petition making five general allegations of constitutional violations, and attaching a *pro se* brief in support of the petition. In November 1971, the petition was granted as to leave to file post-verdict motions *nunc pro tunc* but denied as to all other issues. However, the assigned judge died prior to filing findings of fact in support of the denial of the issues raised in the PCHA petition. As a result, appellant was permitted to file post-verdict motions *nunc pro tunc* and was given reconsideration of the other PCHA claims. Both the post-verdict motions *nunc pro tunc* and the PCHA petition were subsequently denied. The orders were consolidated for review by our Supreme Court and affirmed in *Commonwealth v. Miller*, 454 Pa. 67, 309 A.2d 705 (1973).

Twelve years later in 1985, appellant filed his third *pro se* PCHA petition accompanied by a *pro se* brief alleging that the evidence at the 1949 degree of guilt hearing was insufficient to sustain a finding of guilt of murder in the first degree. Counsel was appointed but no amended petition was filed and no evidentiary hearing was granted. The

petition was denied. Notice of appeal was filed and new counsel was appointed to represent appellant.

On appeal, appellant contends that: the issue of whether the evidence at the degree of guilt hearing was sufficient to sustain a verdict of murder in the first degree was not "finally litigated;" all prior counsel were ineffective for failing to raise and properly litigate that claim; and, the evidence was in fact insufficient to sustain the verdict. The Commonwealth responds alternatively that appellant's claim has been waived, was finally litigated against appellant previously, and is without merit. The trial court expressed no opinion as to whether appellant's claim had been waived or as to the merits of the claim, but did find that the claim had been finally litigated against appellant previously.

## I.

The Commonwealth argues that we should summarily affirm the order denying post-conviction relief based upon the fact that appellant waived the present claim by failing to raise it in prior PCHA petitions. Though the argument is well-founded, we decline to dispose of the present appeal on waiver grounds for the reasons which follow.

All claims for post-conviction relief must be raised in a petitioner's first PCHA petition:

> Any person desiring to obtain relief under this subchapter shall set forth in the petition all of his then available grounds for such relief for any particular sentence he is currently serving and he shall be entitled to only one petition for each crime. *The failure to raise any issue in the petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.*

42 Pa.C.S.A. § 9545(c). (Emphasis added). However, in *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980) (plurality), our Supreme Court held that issues raised in a second PCHA petition were not finally litigated *or* waived when appellant asserted the "serial ineffectiveness"

of all prior counsel; the Court held that an allegation of "serial ineffectiveness" was an allegation of "extraordinary circumstances" under 42 Pa.C.S.A. § 9544(b)(2) which precluded a finding of waiver notwithstanding the language of 42 Pa.C.S.A. § 9545(c) to the contrary. *See also Commonwealth v. Sawyer,* 355 Pa.Super. 115, 512 A.2d 1238 (1986). Appellant has alleged such serial ineffectiveness on appeal in the instant case. (Appellant's Brief at 11–14).

The *Watlington* exception to the waiver rule, however, was subjected to strong criticism as permitting (and even encouraging) evasion of the § 9545(c) waiver rule through the vehicle of *pro forma* "serial ineffectiveness" claims. *See e.g.* Comment, *Repetitive Post–Conviction Petitions Alleging Ineffective Assistance of Counsel: Can the Pennsylvania Supreme Court Tame the "Monster?",* 20 Duquesne L.Rev. 237, 237–271 (1982). The separate opinions in *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981) (plurality) indicated erosion of the support for the sweeping language of the *Watlington* exception to the waiver rule, but did not establish a consensus as to the limitations to be placed on the exception. *See* Comment, *supra,* at 264–267.

In *Commonwealth v. Hagood,* 516 Pa. 340, 532 A.2d 424 (1987), our Supreme Court again reconsidered the waiver provision of 42 Pa.C.S.A. § 9545(c) and the impact of the broad "serial ineffectiveness" exception recognized in *Watlington,* and concluded:

> The stated purpose of the Act is to provide relief from convictions and sentences imposed without due process of law, 42 Pa.C.S.A. § 9542, not review of prior post conviction proceedings. Thus, persons currently serving sentences in this Commonwealth may, consistent with the Act, file one and only one PCHA petition. Failure to raise all claims that might have been raised in the first PCHA petition constitutes a waiver which will only be avoided by 'extraordinary circumstances,' 42 Pa.C.S.A. § 9544(b). Extraordinary circumstances have been variously defined by members of this Court, *see, e.g.,* this

author's dissenting opinion in *Commonwealth v. Watlington*, 491 Pa. 241, 246, 420 A.2d 431, 434 (1980); *see also* the opinion of Mr. Justice Larsen in *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981). However, this case does not present any 'extraordinary circumstances' sufficiently compelling to persuade us that the conduct of an evidentiary hearing on appellee's third PCHA petition is warranted.

532 A.2d at 426. The majority specifically noted:

Of course, appellee's petitions have raised all issues in the context of the 'layered' claims of ineffectiveness prescribed in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Appellee is here represented by his seventh attorney.

532 A.2d at 425 n. 3.

Thus, in *Hagood,* the *mere allegation* of "layered" or "serial" ineffectiveness was deemed not to constitute "extraordinary circumstances" sufficient to avoid application of the 42 Pa.C.S.A. § 9545(c) waiver rule. *See also Commonwealth v. Alexander, supra,* 432 A.2d at 185 (Larsen, J.); *id.,* 432 A.2d at 189 (Nix, then J., concurring); *id.,* 432 A.2d at 189 (Flaherty, J., concurring; Kaufman, J., joins). The rejection of Hagood's "serial ineffectiveness" claim, coupled with citation to the dissent of Justice Flaherty in *Watlington* and the plurality opinion of Justice Larsen in *Alexander,* marks a clean break from the sweeping language of the *Watlington* exception and a revitalization of the waiver rule.

In his dissent to *Watlington, supra,* Justice Flaherty opined: "I would limit collateral review to claims (1) constituting a denial of due process or fundamental fairness that (2) significantly implicate the truth determining process. Thus, defense counsel's waiver of an issue, *whether for reasons of strategy or negligence,* would not constitute ineffectiveness cognizable in a second PCHA petition unless the issue met the two prong test." 420 A.2d at 437 (emphasis in original); *cf. Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364, 381 (1986) (Powell, J.,

plurality opinion) (would require a showing of colorable factual innocence to support a successive petition for federal *habeas corpus* ); *accord* Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142 (1970).

In his plurality opinion in *Alexander, supra,* Justice Larsen opined, "Justice Flaherty's two-fold test sets forth important *factors* for the PCHA court's consideration, but they should not be exclusive." 432 A.2d at 186. (emphasis in original); *cf. Kuhlmann v. Wilson, supra,* 477 U.S. at 476, 106 S.Ct. at 2639, 91 L.Ed.2d at 396 (Stevens, J., dissenting) (colorable showing of innocence is a factor to be considered, not a prerequisite; the ultimate decision should be left to the district court's sound discretion). The factors which Justice Larsen suggests for consideration are: the length of time between the occurrence and the assertion of the alleged error; whether the judgment of sentence arose from a guilty plea; whether the circumstances indicate abuse of PCHA proceedings; whether concrete prejudice has been asserted in relation to alleged ineffectiveness; and, whether the second petition merely asserts new theories in support of claims finally litigated. 432 A.2d at 186–188. Justice Larsen indicated that these factors were illustrative rather than exclusive and that the decision whether to entertain a successive petition should be addressed to the sound discretion of the trial court. 432 A.2d at 188.

Chief Justice Nix, on the other hand, has expressed the opinion that the concerns addressed by the proposed tests of Justices Larsen and Flaherty are already met by the statute and existing case law. In *Commonwealth v. Alexander, supra,* he stated:

Nor do I believe that a fair reading of prior decisions suggests that a mere assertion of ineffectiveness justifies a finding of extraordinary circumstances that would avoid the waiver provision of section 1180 [predecessor to 42 Pa.C.S.A. 9545(c) ]. The Act itself requires that the petition itself must fully set forth the factual basis support-

ing the claim. Additionally, ineffective assistance of counsel, as it has been developed under our cases, addresses substantial derelictions on the part of counsel and not merely a showing of trivial and inconsequential errors or omissions.

432 A.2d at 189 (citations omitted).[1]

It remains uncertain which, if any, of the above approaches to serial ineffectiveness claims and the section 9545(c) waiver provision controls; we note that the same result may obtain under each of the approaches in many cases. Because, however, the trial court did not apply any of the above waiver tests and because we may dispose of the appeal on adequate alternate grounds, we decline to remand the case to the trial court for application of the tests and we decline to attempt to apply the tests for the first time on appeal.

## II.

■ The trial court found that appellant's contention that the evidence was insufficient had been finally litigated against appellant. We agree.

Appellant contends that the evidence at the degree of guilt hearing was insufficient to establish the specific intent to kill. He argues that evidence contained in the portion of

1. A panel of this Court recently opined that:
   'Failure to raise all claims that might have been raised in the first PCHA petition constitutes a waiver which will only be avoided by "extraordinary circumstances", 42 Pa.C.S. § 9544(b).' *Commonwealth v. Hagood,* [516] Pa. [340, 345], 532 A.2d 424, 426 (1987). *Appellant's assertion of layered ineffective assistance of counsel constitutes an extraordinary circumstance; therefore, we will consider the allegations of appellant's second PCHA petition. See Commonwealth v. Watlington, [supra]; Commonwealth v. Box,* 305 Pa.Super. 81, 451 A.2d 252 (1982).
   *Commonwealth v. Baker,* 371 Pa.Super. 588, 591, 538 A.2d 892, 894 (1988). The highlighted portion of the excerpt above should not be construed to imply a finding of extraordinary circumstances based upon the *mere assertion* of serial ineffectiveness. As discussed above, *Hagood* and *Alexander* clearly require more than the *mere assertion* of serial ineffectiveness in order to warrant an exception to the waiver rule provided by Pa.C.S.A. § 9545(c).

the record of the 1949 degree of guilt hearing still available[2] establishes imperfect self-defense in that he:

> ... was reacting to what he perceived as a threatening situation; his intent was to stop Ruth not to kill him. Therefore, the premeditation and wilfulness necessary for murder in the first degree was not present in the evidence before the trial court.

(Appellant's Brief at 17).

The trial court found that this claim had been finally litigated against appellant. In his 1973 opinion explaining the denial of the prior PCHA petition, Judge Doty stated:

> The defendant further contends that his plea was not valid because his statement was exculpatory and made out a 'viable claim of self-defense.' In *Commonwealth v. Sampson*, 445 Pa. 558 [285 A.2d 480] (1971), the Pennsylvania Supreme Court held that where a guilty plea is followed by *testimony* of defendant which exculpates or which tends to exculpate him, the plea should be vacated and trial ordered. In this matter there was no such testimony which followed his guilty plea and, moreover, his statement did not make out a viable claim of self-defense.

(Trial Court Opinion 1/31/73 at 3). (Emphasis in original). The opinion of our Supreme Court affirming Judge Doty's order noted:

> 6 Appellant has advanced the argument that he was unaware that self defense might have constituted a defense to the murder charge. *The record, however, clearly indicates that there is no merit to his claim of self defense. Three eyewitnesses testified at the degree of guilt hearing that the shooting was unprovoked.*

> 7 In this confession, appellant admitted that he had shot and killed the decedent, Arthur James Ruth.

309 A.2d at 708 nn. 6–7. (Emphasis added). We are not persuaded that the scope of the prior review of the self-de-

---

**2.** Apparently, in the intervening thirty-nine years, some of the pages of the transcript have been lost. We do not find the absence of those pages material, however, to the disposition of this appeal.

fense claim was so narrow as to exclude consideration of the effect of imperfect self-defense on the *mens rea* requirement for first degree murder. Consequently, we agree with the trial court that the substance of appellant's claim had been finally litigated against appellant in the prior proceedings.

## III.

■ Alternatively, we find appellant's underlying claim, that the evidence at the degree of guilt hearing in 1949 was insufficient to sustain the conviction of first degree murder, to be wholly without merit. Consequently, no hearing was required prior to dismissing the ineffectiveness claim and denying the PCHA petition.

In *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987), this Court stated:

> When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. *See Commonwealth v. Spotts*, 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985). However, remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant 'must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective,' before remand for an evidentiary hearing will be granted. *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary.

> *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

534 A.2d at 485. *See also Kitrell v. Dakota*, 373 Pa.Super. 66, 74, 540 A.2d 301, 305–306 (1988) (same). Appellant's underlying claim was wholly without merit; consequently, we find that the trial court did not err in dismissing the claim without a hearing.

In his brief to this Court, appellant argues that his statement to the police and isolated excerpts of the testimony of prosecution witnesses give rise to a reasonable doubt as to whether appellant had the specific intent to kill when he shot the victim. (Appellant's Brief at 14–18). Appellant's argument views the evidence in the light most favorable to *appellant*.

However, in reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth is entitled to all favorable inferences which may be drawn from the evidence. Where the evidence is conflicting, it is the province of the fact finder to determine credibility; it is the prerogative of the fact finder to believe all, part, or none of the evidence presented. *See Commonwealth v. Pearsall*, 368 Pa.Super. 327, 329–331, 534 A.2d 106, 108 (1987).

The trial court was free to disbelieve the portion of appellant's confession which might tend to suggest that he acted in the unreasonable belief that deadly force was necessary for his self-defense. Moreover, there was clear testimony from three eyewitnesses, one of whom was a disinterested bystander, that appellant, without any physical or verbal provocation, fired six shots from a revolver with an eight inch barrel at Arthur James Ruth and Marion Blocker, and that one of the shots struck and killed Arthur James Ruth. *See Commonwealth v. Miller, supra*, 309 A.2d at 708 n. 6; (*see also* N.T. 1/31/49 at 9–18, Marion Blocker; at 32–36, John Brown; at 36–42, John Sillman). Upon careful review of the record of the 1949 hearing as a whole, including appellant's statement (which was read into

the record *verbatim* ), we have no hesitancy whatsoever in concluding that the evidence was sufficient to sustain a first degree murder conviction. Consequently, we find appellant's underlying claim and his allegations of ineffective assistance of all prior counsel are wholly meritless.

## CONCLUSION

Based upon the foregoing, the order denying post-conviction relief is affirmed.

CERCONE, J., concurs in the result.

ROWLEY, J., files a concurring statement.

ROWLEY, Judge, concurring:

I JOIN in Parts II and III of the Majority Opinion and the order affirming the trial court's order.