353 A.2d 454

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward BAKER, Appellant. (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1976.

Decided March 17, 1976.

James J. DeMarco, D. L. Marshall, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., David Miebelman, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Edward Baker was convicted after a jury trial of murder in the first degree, burglary, robbery and conspiracy. The court imposed a sentence of life imprisonment on the murder conviction and sentences of ten to twenty years imprisonment, to run concurrently with the life sentence, on the robbery and burglary convictions. Sentence was suspended on the conspiracy conviction. This appeal ensued.[1]

Appellant raises three issues: (1) whether there was sufficient evidence to support the convictions; (2) whether the trial court abused its discretion by finding witness Donohue Wise competent to testify; and (3) whether the jury should have been "specifically advised" of the behavioral effect of drugs Wise was taking. We affirm the judgments of sentence.

### I

Appellant contends, in his motion in arrest of judgment, and on this appeal that the evidence was insufficient to sustain the conviction.[2] The test for assess-

---

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975). Appeals from the judgment of sentence imposed on the robbery and burglary convictions were certified to this Court from the Superior Court.

2. We are required by statute, as well, to assess the sufficiency of the evidence in all cases of first degree murder. See Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964).

ing the sufficiency of the evidence in a criminal case is whether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. See *Commonwealth v. Green,* 464 Pa. 557, 566, 347 A.2d 682, 686 (1975); *Commonwealth v. Robson,* 461 Pa. 615, 625, 337 A.2d 573, 578 (1975).

■■ Appellant argues that when the record is considered without the testimony of Donohue Wise there is insufficient evidence to sustain the conviction. Although we find, infra, no abuse of discretion by the trial court in allowing Wise to testify, we note that in assessing the sufficiency of the evidence all evidence actually received at trial is considered whether the rulings thereon were right or wrong. We will not grant a motion in arrest of judgment on a diminished record. See *Commonwealth v. Terenda,* 433 Pa. 519, 523, 252 A.2d 635, 637 (1969); *Commonwealth v. Maybee,* 429 Pa. 222, 226–27, 239 A.2d 332, 335 (1968); *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965).

On December 20, 1973, Steven Gibbons was found dead in his home. The house had been thoroughly ransacked. The body of the deceased was bound and gagged with paper stuffed in the mouth and an ice pick plunged downward into the nape of the neck. A physician from the office of the medical examiner testified for the Commonwealth that death resulted from the stabbing, strangulation and a severe beating which had been inflicted on the victim. The victim was approximately 80 years old at the time of death.

Donohue Wise, who plead guilty to murder after being charged with this homicide, was the Commonwealth's primary witness at appellant's trial. He testified that on the night of the crime he had been in a bar drinking with the victim Steven Gibbons. Three men, including

appellant, came into the bar. One of the men voiced a threat against Gibbons because Gibbons had refused to buy him a drink.

Wise testified that he went home to go to bed. The three others, including appellant, came to his house and asked him if he wanted to make some money by committing a robbery. Wise agreed and the four eventually proceeded to the home of the victim. En route, one of the four obtained an ice pick and a hammer for use in the crime. When they reached Gibbons' home appellant broke the glass on the front door and the men entered. A coat was thrown over the victim's head and the house was searched for money and valuables.

Wise testified that as he returned from searching the upstairs he saw one of his co-felons stab the victim with the ice pick. He testified that appellant was going through the victim's trouser pockets. The four men met later to divide what they had taken from the victim and his home.

In view of this evidence we conclude that there was sufficient evidence to sustain the verdicts of the jury.

## II

Appellant contends that the trial court erred in finding the Commonwealth's key witness, Donohue Wise, competent to testify. We do not agree.

The competency of a witness is a matter for the trial court to determine and is not reviewable in the absence of a clear abuse of discretion. *Commonwealth v. Ware,* 459 Pa. 334, 356, 329 A.2d 258, 269 (1974) ; *Commonwealth v. Kosh,* 305 Pa. 146, 155, 157 A. 479, 482 (1931). Appellant contends that the trial judge's decision was an abuse of discretion because the witness "lacked the requisite mental capacity to perceive the event in question with a substantial degree of accuracy."

■ The factors and standards for determining the competency of a witness were considered thoroughly in *Commonwealth v. Ware, supra,* 459 Pa. at 351–357, 329 A.2d at 267–69 (1974). See also *Commonwealth v. Kosh,* supra, 305 Pa. at 156, 157 A. at 482 (1931); *Rosche v. McCoy,* 397 Pa. 615, 620–21, 156 A.2d 307, 310 (1959); *Dulnikowski v. Stanziano,* 195 Pa.Super. 508, 510, 172 A.2d 182, 183 (1961). As stated in *Ware, Rosche* and other cases,[3] and as the leading treatises [4] explain the relevant inquiry is whether the witness: (1) has the capacity to observe or perceive the occurrence with a substantial degree of accuracy; (2) has the ability to remember the event which was observed or perceived; (3) has the ability to understand questions and to communicate intelligent answers about the occurrence; and (4) has a consciousness of the duty to speak the truth.[5]

Before Wise was allowed to testify the trial court conducted a competency hearing in the absence of the jury. Doctor Bijan Etemad testified for appellant. He had not actually examined Wise but based his testimony on the examination report of another psychiatrist who had examined Wise in March 1974. The doctor testified that, based on Wise's history of mental disorders and drug abuse, Wise "could probably have been psychotic, or schizophrenic off and on, or may be continuously, many months prior to [March 1974]." The witness also testified that Wise hallucinated occasionally. He concluded that Wise "was not capable of recognizing what is wrong and what is right for himself." On cross-examination

3. See also, *Commonwealth v. Loomis,* 270 Pa. 254, 113 A. 428 (1921); *People v. McCaughan,* 49 Cal.2d 409, 317 P.2d 974 (1957).

4. See 2 Wigmore, Evidence, §§ 492–501 at 583 et seq. (3d ed. 1940); McCormick's, Handbook of the Law of Evidence, § 62 at 140 (2d ed. 1972).

5. This has also been described as the intelligence to "understand the nature and obligation of an oath." See McCormick, supra, and cases cited therein.

the witness stated that he could not form an opinion about what Wise's condition was on the date of the event about which Wise was to testify.

Doctor Arthur Boxer testified for the Commonwealth. He stated that he had examined Wise and found that Wise was able to understand the oath, was able to observe events, had an excellent ability to recall past events, and could understand the difference between telling the truth and telling a lie. He concluded that Wise was competent to testify. Based on the testimony adduced at the competency hearing we cannot conclude that the trial court abused its discretion by allowing Wise to testify.[6]

## III

Appellant's final contention is that the trial court erred by not "specifically advising" the jury concerning the effects of medication Wise was receiving when he testified. Appellant argues that the jury should

---

6. Appellant's reliance on *Commonwealth v. Mozillo,* 443 Pa. 171, 278 A.2d 874 (1971), is misplaced. There we held that once appellant showed he was institutionalized as incompetent at the time he admitted involvement in the crime, the burden shifted to the Commonwealth to prove competency. The Court held that the Commonwealth had not met its burden of proving appellant competent when he made the admissions sought to be used in evidence.

That case involved the admissibility of an inculpatory statement by a defendant. It did not involve the test for determining the competency of a witness; nor did it alter the longstanding rule in the Commonwealth that the burden of proving a witness incompetent rests upon the party opposing admission of the testimony. *Commonwealth v. Ware,* supra, 459 Pa. at 352, 329 A.2d at 267; *Commonwealth v. Collins,* 436 Pa. 114, 124, 259 A.2d 160, 165 (1969); *Commonwealth v. Kosh,* supra, 305 Pa. at 155, 157 A.2d at 482.

The record of the competency hearing shows that the defendant's evidence, considered alone, was insufficient to establish that the witness was incompetent to testify. Moreover, even if appellant's evidence had been sufficient to shift the burden to the Commonwealth, the Commonwealth's evidence satisfactorily supported the trial court's determination that the witness was competent to testify.

have been informed of the witness' "medication record." Appellant also states that he could not "pry the deep recesses of [the witness'] mind . . . because [the witness] was drugged."

We find no merit in these claims which are little more than bald assertions in appellant's brief. Our review of the trial testimony indicates that appellant had ample opportunity to cross-examine the witness concerning his mental condition. The jury was aware that the witness was receiving medication. Appellant was permitted to introduce evidence concerning the witness' condition and treatment.

Appellant cites us to no place in the record, nor are we able to find any place in the record, where he raised this issue to the trial court. Moreover, no point for charge was requested to advise the jury that the witness may have been sedated, nor were objections taken to the instructions given. His broad contentions that he was deprived of the right to effective cross-examination are not supported by the record nor preserved for review by this Court. See *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Mitchell*, 461 Pa. 555, 337 A.2d 292 (1975); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

Judgments of sentence affirmed.