380 A.2d 786

COMMONWEALTH of Pennsylvania

v.

Howard MAZZOCCOLI, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 27, 1977.

Decided Dec. 23, 1977.

Lester G. Nauhaus, Louis R. Dadowski, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Robert A. Zunich, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Howard Mazzoccoli, was tried by a judge and jury and was convicted of burglary, theft, theft by receiving stolen goods, and arson. Post-verdict motions were denied and appellant was sentenced to prison terms of two and one-half to five years for the burglary conviction, and two and one-half to five years for the theft conviction, and two and one-half to five years for the arson conviction. Sentence was suspended for the receiving of stolen goods conviction. The Superior Court affirmed the judgments of sentence by a per curiam order. *Commonwealth v. Mazzoccoli*, 238 Pa.Super. 712, 356 A.2d 830 (1976). Appellant filed a petition for allowance of appeal which the court granted on January 5, 1977.

The facts are as follows. On May 18, 1974, appellant and a fifteen-year-old juvenile, Ronald Jankowski, allegedly climbed a ladder and entered a second-story window of the Acme Scale and Supply Company in the Lawrenceville section of the City of Pittsburgh. Appellant allegedly took a camera from the premises. Jankowski further testified that appellant had spilled lighter fluid throughout the building, which was damaged by fire that evening.

Appellant claims that he is entitled to a new trial because the trial court abused its discretion in determining that Ronald Jankowski was competent to testify. In *Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974), we held that the competency of every witness is presumed, with the

burden of showing incompetency on the party asserting it. When determining the testimonial competency of an infant witness:

"... the issue is not to be determined merely because of the capacity of the witness at the time he is called to communicate his thoughts in terms of language. There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that she is called to testify about and (3) a consciousness of the duty to speak the truth. ... " *Rosche v. McCoy,* 397 Pa. 615, 620–21, 156 A.2d 307, 310 (1959). (Emphasis in original.)

More recently, we stated:

"... the relevant inquiry is whether the witness: (1) has the capacity to observe or perceive the occurrence with a substantial degree of accuracy; (2) has the ability to remember the event which was observed or perceived; (3) has the ability to understand questions and to communicate intelligent answers about the occurrence; and (4) has a consciousness of the duty to speak the truth." *Commonwealth v. Baker,* 466 Pa. 479, 485, 353 A.2d 454, 457 (1976).

The standard of review in cases involving the competency of infants was set forth in *Rosche v. McCoy, supra,* 397 Pa. at 620, 156 A.2d at 310, where we stated:

"The question of competency of persons said to be mentally immature due to infancy is to be determined in the discretion of the trial judge after an inquiry as to mental maturity once the fact of infancy appears on the record or is obvious to the judge. This discretion, however, is not absolute but legal. Nevertheless, it will not be reversed in the absence of abuse."

Our review of the record persuades us that the trial court abused its discretion in allowing Jankowski to testify because, on this record, we are convinced the witness had neither the ability to understand questions and communicate

intelligent answers nor a consciousness of the duty to speak the truth.

At the commencement of trial, appellant's counsel sought a voir dire examination to determine the competency of Jankowski. Jankowski's response during that examination was not adequate. For example, he indicated he was in the eleventh grade at Latimer Junior High School, which only goes up to eighth grade. Furthermore, when asked specifically what the oath of a witness means, his answers were somewhat unresponsive. For example, when asked his conception of the oath, he said:

JANKOWSKI:

"A: To tell the truth."

DISTRICT ATTORNEY:

"Q: To tell the truth? And do you know what will happen if you don't tell the truth?

"A: No.

"Q: Once you take an oath to tell the truth in court, and if you do not tell the truth, then you are subject to perjury. That's a criminal offense. And do you know whether it is right or wrong to tell a lie? Do you?

"A: No.

"Q: You don't know whether it is right or wrong to tell a lie? Well, now, you said here that you know what it means to take an oath to tell the truth. And that you would tell the truth. Now do you know whether it is wrong to tell the truth or to tell a lie, or to tell a lie when you swore to tell the truth?

"A: Yes.

"Q: I didn't hear you.

"A: I said, yes.

"Q: You do? Your answer is that you know that it is wrong to tell a lie when you have taken an oath to tell the truth, is that correct?

"A: Yes."

On cross-examination, he was asked:

DEFENSE COUNSEL:

"Q: Is it right or wrong to tell a lie?

"A: Right."

The preceding portion of the voir dire examination convinced us that Jankowski did not demonstrate a consciousness of the duty to tell the truth.

Further, our review of the entire record shows that Jankowski did not have the ability to understand questions and communicate intelligent answers. Most answers were simply yes or no responses to leading questions. The entire transcript reveals that most of the time Jankowski's answers could be manipulated by the question. Further, this entire testimony is fraught with inconsistencies and contradictions. Under these circumstances, we believe that the trial court abused its discretion in allowing Jankowski to testify.

■ Appellant finally alleges that he should be discharged because the evidence, absent Jankowski's testimony, is insufficient to sustain the convictions. In *Commonwealth v. Baker, supra,* 466 Pa. at 483, 353 A.2d at 456, we stated ". . . in assessing the sufficiency of the evidence all evidence actually received at trial is considered whether the rulings thereon were right or wrong." Considering Jankowski's testimony, the evidence was sufficient to sustain the convictions.

Judgments of sentence reversed and case remanded for proceedings consistent with this opinion.

POMEROY, J., files a dissenting opinion.

POMEROY, Justice, dissenting.

I must respectfully dissent, for I do not believe that, on the basis of the record before us, this Court can properly conclude that the trial court abused its discretion in finding that the fifteen-year-old juvenile witness, Ronald Jankowski, was incompetent to testify.

The standard of review in cases involving the competency of infant witnesses is limited, and was set forth by this Court as the majority points out, in *Rosche v. McCoy,* as follows:

"The question of competency of persons said to be mentally immature due to infancy is to be determined in the discretion of the trial judge after an inquiry as to mental maturity once the face of infancy appears on the record or is obvious to the judge. This discretion, however, is not absolute but legal. *Nevertheless, it will not be reversed in the absence of abuse.*" *Rosche v. McCoy*, 397 Pa. 615, 620, 156 A.2d 307, 310 (1959). (Emphasis added.)

My review of the record satisfies me that the trial court did not abuse its discretion in holding Ronald Jankowski competent to testify. The finding of the trial judge in a matter of this sort, based on his appraisal of the appearance and demeanor of the witness before him, should not be overturned by this Court on a cold record absent some compelling evidence of error. Such evidence is not here present, and I would affirm the judgments of sentence.