J-S57027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYNN OWEN COZART, | |
| Appellant | No. 11 WDA 2016 |

Appeal from the Judgment of Sentence October 28, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001254-1995, CP-04-CR-0001255-1995, CP-04-CR-0001256-1995

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                  **FILED SEPTEMBER 15, 2016**

Lynn Owen Cozart ("Appellant") appeals from the judgment of sentence imposed on October 28, 2015, in the Court of Common Pleas of Beaver County.  We affirm.

Our disposition of this case does not require a detailed recitation of the facts.  This case stems from Appellant sexually assaulting three children. The trial court summarized the procedural history of this case as follows:

On February 15, 1996, the impaneled jury returned unanimous verdicts finding [Appellant] . . . guilty of six (6) counts on three (3) different cases.  At Case No. 1254 of 1995, [Appellant] was found guilty of two (2) counts of Involuntary Deviate Sexual Intercourse and one (1) count of Endangering the Welfare of

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Children, relating to [M.C.]. . . . At Case No. 1255 of 1995, [Appellant] was found guilty of two (2) counts of Indecent Assault, relating to [A.C.]. . . . At Case No. 1256 of 1995, [Appellant] was found guilty of one (1) count of Indecent Assault, relating to [T.C.]. . . . Following the verdict, a sentencing hearing was scheduled to take place on April 8, 1996. [Appellant] did not appear at the hearing and a Bench Warrant was issued by the [c]ourt. Nineteen (19) years later, in June of 2015, [Appellant] was arrested in the State of Oklahoma, where he had been hiding using an assumed name and Social Security Number of a deceased individual. [Appellant] was returned to Beaver County and sentenced for all three (3) cases on October 28, 2015. The sentence for all three (3) cases aggregated to a period of not less than fifteen and one-half (15.5) years, nor more than forty-nine (49) years of incarceration. Next, [Appellant] filed a Post-Sentence Motion on November 2, 2015, which was denied in part and granted in part on December 8, 2015.[2] [Appellant] then filed this direct appeal to the Superior Court of Pennsylvania.

> [2] [Appellant's] Motion for Credit for Time Served was granted on November 2, 2015. However, in [Appellant's] Motion for Post-Sentence Relief, [Appellant] requested allowance of additional time to amend the Motion. This [c]ourt gave [Appellant] ten (10) days following the receipt of the sentencing transcript to amend the Motion. After [Appellant] failed to timely file an amended Motion, the [c]ourt denied [Appellant's] Motion for Post-Sentence Relief.

Trial Court Opinion, 2/10/16, at 1–2 (footnote omitted). This appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review:

I. Whether the Appellant's convictions at Case Nos. 1254 and 1255 of 1995 for involuntary deviate sexual intercourse (2 counts), endangering welfare of children and indecent assault (2 counts) should be reversed because the Commonwealth's victim witnesses were incompetent to testify?

- 2 -

II.     Whether the Appellant's convictions at Case Nos. 1254, 1255 and 1256 for involuntary deviate sexual intercourse (2 counts), endangering welfare of children and indecent assault (3 counts) should be reversed because the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that the Appellant was guilty of the crimes of which he was convicted?

III.    Whether the Appellant's convictions at Case Nos. 1254, 1255 and 1256 for involuntary deviate sexual intercourse (2 counts), endangering welfare of children and indecent assault (3 counts) should be reversed because the evidence presented to prove the Appellant guilty beyond a reasonable doubt was against the weight of that evidence presented?

Appellant's Brief at 8 (full capitalization omitted).

In his first issue, Appellant challenges the competence of the then-minor victims, M.C. and A.C., to testify. Appellant's Brief at 28. We conclude that Appellant's argument with regard to M.C. lacks merit, and his argument with regard to A.C. is moot.

At the time of Appellant's trial in 1996, the standard used to determine the competency of children to testify was as follows:

When evaluating the competency of children to testify, we are guided by the following principles:

A witness is presumed competent to testify unless proven otherwise. When a proposed witness is under fourteen years of age, however, there must be a searching judicial inquiry as to mental capacity. This inquiry will probe the capacity to communicate, observe and remember, and a consciousness of the duty to speak the truth in proportion to the witness's chronological immaturity. The judge holds the superior opportunity to evaluate the competency of a proposed child witness....

- 3 -

*Commonwealth v. Stohr*, 361 Pa.Super. 293, 522 A.2d 589 (1987).

Our Supreme Court has mandated that in evaluating competency, the trial court must be satisfied that the witness has:

"(1) such capacity to communicate, including as it does both an ability to understand questions and to frame [and] express . . . intelligent answers; (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that the witness is called to testify about; and (3) a consciousness of the duty to speak the truth."

*Rosche v. McCoy*, 397 Pa. 615, 620, 156 A.2d 307, 310 (1959) (emphasis [omitted]).

Determination of competency will not be disturbed on appeal absent a clear abuse of discretion.

*Commonwealth v. Pankraz*, 554 A.2d 974, 977–978 (Pa. Super. 1989) (quoting *Commonwealth v. McEachin*, 537 A.2d 883, 885–886 (Pa. Super. 1988)) (some internal citations omitted).

Currently, the Pennsylvania Rules of Evidence embody the standards for determining competency:

**(a) General Rule.** Every person is competent to be a witness except as otherwise provided by statute or in these rules.

**(b) Disqualification for Specific Defects.** A person is incompetent to testify if the court finds that because of a mental condition or immaturity the person:

(1) is, or was, at any relevant time, incapable of perceiving accurately;

(2) is unable to express himself or herself so as to be understood either directly or through an interpreter;

(3) has an impaired memory; or

(4) does not sufficiently understand the duty to tell the truth.

* * *

[Pa.R.E. 601] is consistent with Pennsylvania law concerning the factors for determining competency of a person to testify, including persons with a mental defect and children of tender years. *See Commonwealth v. Baker*, 466 Pa. 479, 353 A.2d 454 (1976) (standards for determining competency generally); *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982) (mental capacity); *Rosche v. McCoy*, 397 Pa. 615, 156 A.2d 307 (1959) (immaturity).

Pa.R.E. 601, cmt.

The record at hand discloses that, although M.C. was fifteen at the time of trial, the trial court conducted a competency hearing outside of the jury's presence. N.T., 2/12/96, at 5–39. The trial court summarized the hearing as follows:

During this hearing, [M.C.] explained that he was currently undergoing inpatient treatment at a mental health facility and was taking prescription medications. [M.C.] stated his diagnosis to be a "behavioral problem" and that he was suffering from post-traumatic stress disorder. Through testimony, [M.C.] explained that his reason for seeking treatment was because he started remembering specific instances of sexual abuse that [he was] subjected . . . to, and because of that, he tried to commit suicide approximately one (1) year before the trial. Specifically, [M.C.] described in detail an instance that occurred when he was approximately five (5) or six (6) years old . . . .[5] Despite his current treatment and medications, [M.C.] expressed that these were conscious memories and nothing had been made-up or exaggerated. Moreover, [M.C.] was able to recall a few other memories also from when he was five (5) or six (6) years old, such as getting glasses and details about the house he lived in.

[M.C.'s] testimony expressed that these accusations were actual memories, like any other memory.

> 5 This memory is the substance of the charges against [Appellant] at Case No. 1254 of 1995.

At the conclusion of the hearing, the Honorable Robert C. Reed, President Judge, found [M.C.] competent to testify. Specifically, the [c]ourt stated:

> Well, it appears to me he's competent to testify. I don't think that's the issue. It seems to me the question is, which it appears to me to be a matter for the jury to resolve how this occurred. When it came to light is [what] the question is. But I think he's competent to testify. He certainly seems to understand the questions. He says he has a memory of this, and that seems to me makes him competent.

No additional objections were made during the course of the trial regarding [M.C.'s] competency. Further, during cross-examination, counsel for [Appellant] asked [M.C.] at length questions regarding his age, his mental health diagnosis, his medications and his ability to remember.

Trial Court Opinion, 2/10/16, at 6–7 (internal citations omitted).

In its opinion to this Court, the trial court disposed of Appellant's challenge to M.C.'s competency with the following analysis:

> The [c]ourt was provided a full opportunity to weigh [M.C.'s] competency at trial, and at no point did the [c]ourt find that [M.C.] was incompetent. Also, because [M.C.] was over the age of fourteen (14) at the time of testifying, taint is not an appropriate issue here. Further, when the Competency hearing was held, the [c]ourt properly found [M.C.] competent. The record supports this finding, and this [c]ourt does not believe anything in the record supports a finding that there was an abuse of discretion. The challenges to [M.C.'s] competency should be denied for all three (3) convictions at Case No. 1254 of 1995.

Trial Court Opinion, 2/10/16, at 7–8.

After carefully reviewing the record in the instant case, we find no abuse of discretion in the trial court's ruling that M.C. was competent to testify. M.C. was clear in his testimony that he remembered the incidents that were the focus of the trial. N.T., 2/12/96, at 6–36. As such, the trial court could find—and did find—that M.C. had sufficient remembrance of the events upon which he was called to testify to be a competent witness. *See Commonwealth v. McMaster*, 666 A.2d 724, 728 (Pa. Super. 1995) (holding that trial court did not abuse its discretion in finding that four-year-old victim had sufficient remembrance of the events upon which she was called to testify to be a competent witness). Thus, we conclude that Appellant's allegation of trial court error with regard to M.C. lacks merit.

Regarding A.C., Appellant fails to acknowledge that, "[b]ecause no objections or challenges were ever made to [A.C.'s] competency during the trial, the [trial c]ourt never specifically found her to be competent." Trial Court Opinion, 2/10/16, at 8. Therefore, Appellant's argument that the trial court erred with regard to A.C. is moot. *See In re Estate of Bowman*, 797 A.2d 973, 977 (Pa. Super. 2002) (concluding that appellant's argument that appellees did not present clear and convincing evidence of oral modification of written agreements was moot where trial court did not find there was an oral modification).

Appellant's second issue is a challenge to the sufficiency of the evidence sustaining his convictions. In support of this issue, Appellant presents the following argument:

> In order for the Commonwealth to present sufficient evidence to convict [Appellant] of the crimes alleged, it must demonstrate that each and every element of each offense has been presented to the jury, so that the jury can find each element beyond a reasonable doubt. *Commonwealth v. Brown*, 48 A.3d 426 (Pa. Super. 2012).
>
> Here, the Appellant Lynn Owen Cozart alleges that insufficient evidence has been presented for all counts.

Appellant's Brief at 30.

We have held that the failure to offer any citation to authority, other than the standard of review, or provide pertinent analysis renders an appellant's sufficiency challenge waived. **Commonwealth v. Hakala**, 900 A.2d 404, 406–407 (Pa. Super. 2006); **see also** Pa.R.A.P. 2119(a) ("**General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Here, we note that Appellant offers no additional analysis of his point. He does not cite to the record or to the statutory elements of the crimes. Indeed, we find his argument "markedly insufficient to offer grounds for relief or even to inform our consideration of the issue."

***Commonwealth v. Stays***, 70 A.3d 1256, 1267 (Pa. Super. 2013).

Accordingly, we conclude that Appellant's sufficiency challenge is waived.

Finally, Appellant presents a somewhat lengthier challenge to the weight of the evidence. After citing the appropriate standards of review, Appellant argues:

> Here, throughout the testimony, different versions are presented of the events on various examinations. For example, [M.C.] differed his accounts . . . [and] testified he did not have problems with his memory "unless he was trying to block something out . . . that's what my psychiatrist says," lending credence to he [sic] being influenced by his psychiatrist. The trial court abused its discretion in reaching its decisions on allowing the witnesses to testify.

Appellant's Brief at 31 (internal citation omitted).

Again, we find Appellant's argument "markedly insufficient to offer grounds for relief or even to inform our consideration of the issue." ***Stays***, 70 A.3d at 1267. Here, Appellant fails to offer any citation to authority, other than the standard of review, or provide pertinent analysis. Accordingly, we conclude that Appellant's weight challenge is waived. Pa.R.A.P. 2119(a); ***Hakala***, 900 A.2d at 406–407 (stating that failure to offer any citation to authority, other than the standard of review, or provide pertinent analysis renders the appellant's weight challenge waived).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2016