J-S12032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYPRIAN DIAZ | : | |
| | : | |
| Appellant | : | No. 2567 EDA 2024 |

Appeal from the PCRA Order Entered September 3, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0704571-2003

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 15, 2025**

Appellant, Cyprian Diaz, appeals *pro se* from the post-conviction court's September 3, 2024 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously summarized the facts and procedural history of Appellant's case, as follows:

> After a bench trial, Appellant was found guilty of first[-]degree homicide and related offenses. The Commonwealth established that Appellant, while an adult, shot and killed his former wife and her husband. Appellant unsuccessfully pursued relief on direct appeal. ***Commonwealth v. Diaz***, 927 A.2d 649 (Pa. Super. 2007) (unpublished memorandum). Appellant was granted leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc*, which was ultimately denied by our Supreme Court on February 12, 2010. ***Commonwealth v. Diaz***, 989 A.2d 914 (Pa. 2010). Appellant also pursued PCRA relief, which was denied by the PCRA court and affirmed on appeal by this Court. ***Commonwealth v. Diaz***, 96 A.3d 1079 (Pa. Super. 2014). He filed for discretionary review with our Supreme Court,

which was denied on May 15, 2014. ***Commonwealth v. Diaz***, 63 EAL 2014 (Pa. 2014) (unpublished in Atlantic Reporter).

On December 11, 2015, Appellant filed [a] petition, styled as a request for *habeas corpus* relief. On February 8, 2016, the [PCRA] court determined that the petition must be treated as a request for relief under the PCRA, and, since Appellant failed to plead and prove an exception to the one-year time bar, [the court] issued a [Pa.R.Crim.P. 907] notice of [its] intent to dismiss [Appellant's petition without a hearing,] informing him of those procedural defects…. The [PCRA] court thereafter denied the petition on March 11, 2016[, and Appellant appealed].

***Commonwealth v. Diaz***, [No.] 1132 EDA 2016, [unpublished memorandum at] *1-2 (Pa. Super. Feb. 22, 2017)….

On February 22, 2017, this Court affirmed the PCRA court's order dismissing Appellant's second PCRA petition. ***Id.*** On June 6, 2018, Appellant filed [another] *pro se* petition for *habeas corpus* relief[, which the PCRA court treated as a PCRA petition.] Appellant subsequently filed two amended PCRA petitions on July 26, 2018[,] and August 22, 2018, respectively. On January 18, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant filed a response to the court's notice, and on March 8, 2019, the PCRA court dismissed Appellant's petition. Appellant appealed.

***Commonwealth v. Diaz***, No. 978 EDA 2019, unpublished memorandum at *1-2 (Pa. Super. Feb. 7, 2020) (footnote omitted). This Court affirmed the denial of Appellant's third PCRA petition on February 7, 2020. ***See id.*** He did not file a petition for allowance of appeal with our Supreme Court.

Instead, on November 14, 2023, Appellant filed a fourth *pro se* PCRA petition, which underlies his instant appeal. Therein, Appellant claimed that his minor son should have been deemed incompetent to testify against Appellant for the same reasons that our Supreme Court found a 15-year-old

witness was incompetent to testify in **Commonwealth v. Mazzoccoli**, 380 A.2d 786 (Pa. 1977). Essentially, Appellant argued that because our Supreme Court afforded Mazzoccoli relief, Appellant was entitled to relief, as well.

On July 25, 2024, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing on the basis that it was untimely filed. Although Appellant filed a timely, *pro se* response, the court issued an opinion and order dismissing his petition on September 3, 2024. Appellant filed a timely *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) statement, and it relied on its September 3, 2024 opinion in satisfaction of Rule 1925(a).

Herein, Appellant states one issue for our review: "Whether the [PCRA c]ourt erred and abused its discretion in dismissing Appellant's [PCRA p]etition seeking relief in the interest of justice where insufficient reason[s] exist to support differential treatment among individuals[?]" Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2010 and, thus, his instant petition filed in 2023 is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant does not attempt to do so. In fact, he concedes that he

"did not plead any timeliness exception in his PCRA petition, nor does he argue their applicability" on appeal. Appellant's Brief at 10. "Instead, Appellant maintains that the decision in *Mazzoccoli* requires reversal in the instant case," as that decision "vitiates the verdict" convicting Appellant. *Id.*

No relief is due. Essentially, Appellant asks this Court to ignore the untimeliness of his petition in the interests of justice. However, our Supreme Court has "noted that [t]he PCRA confers no authority upon [an appellate c]ourt to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citation and quotation marks omitted); *see also Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999) (stating that "a court has no authority to extend filing periods except as the statute permits"). Because Appellant makes no attempt to plead or prove the applicability of any of section 9545(b)(1)'s timeliness exceptions, we are without jurisdiction to review his claim that the *Mazzoccoli* decision warrants relief in his case.[1]

_____

[1] In any event, we point out that *Mazzoccoli* was decided decades before Appellant's trial. Therefore, even if Appellant were correct that his son should have been deemed incompetent to testify under the rationale in *Mazzoccoli*, that fact would not 'vitiate' the verdict in Appellant's case, as he claims. Appellant does not point to where in the record he challenged his son's competency on the basis of *Mazzoccoli* prior to, or during, his trial. Thus, Appellant's son's testimony was properly admitted and considered by the fact-finder in reaching the verdict, and any claimed error in the admission of that evidence on the basis of *Mazzoccoli* was waived. *See* Pa.R.E. 103(a)
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/15/2025</u>

_____

(directing that a party may claim error in a ruling admitting evidence only if the party makes, on the record, a timely objection or motion to strike, and states the specific ground for their objection or motion to strike, unless it was apparent from the context).